## WYCKOFF v. SWAN et al.

(Supreme Court, Appellate Division, Third Department. January 8, 1900.)

MONEY PAID—COMPLAINT—VARIANCE.

> Where a buyer refused to accept two car loads of lumber, as not complying with his order, and requested that the lumber be removed, and that his charges and damages for unloading the same be paid, to which the seller replied, requesting him to reload the lumber, and promising to pay his charges, the buyer was entitled to recover for expenses incurred in unloading and reloading, and for freight paid, under a complaint for money expended at plaintiff's request, since the seller's agreement to pay charges was a ratification thereof equivalent to an original request to incur them, and hence there was no substantial variance between the complaint and the proof.

Appeal from trial term, Chemung county.

Action by Ernest L. Wyckoff against Lucius H. Swan and another. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

George G. Miller, for appellants.
E. G. Herenden, for respondent.

LANDON, J. The plaintiff has recovered of the defendants upon the following charge:

> "That on or about November 18, 1897, the defendants became indebted to the plaintiff for moneys expended upon account of and at the request of the said defendants as follows:

| | |
|---|---|
| Unloading car 2x8 lumber, No. 21,631 | $10 00 |
| For loading car 2x8, No. 38,913 | 10 00 |
| For paid freight on car No. 21,631 | 24 88 |
| For unloading car No. 51,324, 1x8 | 10 00 |

—No part of which has been paid."

The plaintiff, who was in business at Elmira, on September 3, 1897, gave the defendants, at Tonawanda, a written order for two car loads of specified sizes and kinds of lumber, to be sent by railroad to him at Elmira, "to be practically free from sap," at prices specified in the order. The defendants sent first one car load, and next the other. The plaintiff unloaded each car upon its arrival. Some of the lumber corresponded with the order, and a considerable part did not, because not practically free from sap. After unloading the first car,

the plaintiff wrote to the defendants to the effect that some of the·
lumber was not according to the contract, and offered to accept 9,032
feet, and hold the balance subject to defendants' order, and plaintiff
inclosed his check for the amount he offered to accept. After the·
second car was received and unloaded, the plaintiff sent defendants.
his check for the same, less a small amount, which he refused to ac-
cept. The defendants returned both checks to the plaintiff, and
asked "that the lumber be placed back on the cars, and we will take·
care of it." The plaintiff answered, stating that he accepted none·
of the lumber, and asked defendants to take it away, and pay plain--
tiff his charges and damages. Defendants answered, "If the lumber·
is all there, Mr. Wyckoff can easily load same on cars, and send us his.
bill, and we will send New York draft promptly to take care of·
same." Then one of the defendants called at the plaintiff's place of·
business, and told the plaintiff's servant in charge to have the plain-
tiff make out his bill, and defendants would pay the charges. The·
plaintiff reloaded the lumber, and sent one car load to the defend-
ants, and the defendants accepted and sold the other at Elmira.
The items in the above extract from the complaint are the plaintiff's.
charges; one being for freight paid, and the others a reasonable esti-
mate of the cost to the plaintiff in servant's wages of the loading and
unloading. Upon these facts the contract for the purchase and sale
of the lumber was rescinded upon plaintiff's promise to restore the·
lumber and defendants' promise to pay him his reasonable charges.
The plaintiff has restored the lumber, but defendants have not paid·
the charges. The defendants' agreement to pay the charges was a
ratification of them equivalent, in legal effect, to an original re-
quest to pay or incur them, and thus the complaint sets forth the·
facts according to their legal effect. We do not think there is a sub-
stantial variance between the complaint and proof.

Judgment affirmed, with costs. All concur.